

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 30, 2026

**By ECF**
Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re: *K.B. v. Arteta*, No. 26-cv-1428 (JAV)

Dear Judge Vargas:

This Office represents the government in the above-referenced immigration habeas corpus action, brought by K.B. ("Petitioner"). On February 24, 2026, Judge Failla (sitting in Part I) issued an opinion and order granting the habeas petition, and judgment was entered on March 4, 2026. ECF Nos. 14, 16. The February 24 opinion and order directed Petitioner to file an application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") by March 27, 2026. ECF No. 14 at 3. On March 27, 2026, Petitioner filed a motion for attorney's fees pursuant to the EAJA. ECF Nos. 18-19.

I write respectfully to request that the Court set a deadline for the government's response to Petitioner's fee motion after the judgment becomes final. Under the EAJA, a party seeking a fee award must submit its application "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is a "judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). In other words, the "EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991).

In this case, there is no final judgment because the government has 60 days to file an appeal after entry of the March 4 judgment, *i.e.*, until May 4, 2026. *See* Fed. R. App. P. 4(a)(1)(B), (a)(7) (A). Until the appeal period expires, or until any appeal is resolved, there is no "final judgment" for EAJA purposes. As a result, Petitioner's motion for fees pursuant to the EAJA is premature and the Court lacks jurisdiction to resolve it. *United States v. 27.09 Acres of Land*, 1 F.3d 107, 111 (2d Cir. 1993) (holding that the district court lacked subject matter jurisdiction over the EAJA application when the record reflected no entry of a final judgment).

The government has consulted with Petitioner's counsel, and, in the event that judgment is final by May 4, the parties propose that the government's deadline to respond to the fee motion be set as May 13, 2026, and that Petitioner's reply be due by May 29, 2026. Should judgment not be final by May 4, 2026 or this matter is otherwise resolved, the parties will file a joint letter updating the Court by May 13, 2026.

I thank the Court for its consideration of this submission, and apologize for not seeking clarification/modification of the deadline sooner.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    /s/ Janet Lynne Guyon
JANET LYNNE GUYON
Special Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (917) 484-0324
E-mail: janet.guyon@usdoj.gov

cc:    Counsel of record (by ECF)

Judge Failla issued a scheduling order in February with respect to the briefing of Petitioner's application for attorney's fees, setting the deadline for the Government's response as April 17, 2026. Rather than seek reconsideration of that order in the months that followed, or an extension of the briefing schedule, the Government apparently decided to ignore the Court's order and filed nothing on the April 17 deadline. Now, more than two weeks later, the Government seeks "clarification/ modification" of that order. Although the Government points out that the Court is without jurisdiction to grant a motion for fees under EAJA until after the judgment in this matter becomes final, the Government points to no authority that suggests that a district court lacks jurisdiction to set a briefing schedule. The Government shall have until May 8, 2026, to file its opposition to Petitioner's motion. Any reply papers shall be due May 15, 2026.

Date: May 5, 2026

SO ORDERED:

The Honorable Jeannette A. Vargas
United States District Judge

2