UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                            :
K.B.,                                                       :
                                                            :
                              Petitioner,                   :
                                                            :              26-CV-01428 (JAV)
            -v-                                             :
                                                            :              OPINION AND ORDER
PAUL ARTETA, et al.,                                        :
                                                            :
                              Respondents.                  :
                                                            :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On February 19, 2026, Petitioner K.B. ("K.B.") filed a petition for writ of

habeas corpus, contesting his detention by multiple parties in their official

capacities (collectively, the "Government") and seeking release.  ECF No. 1 ("Pet.").

On April 2, 2026, Judge Failla, in her capacity as Part I Judge, granted K.B.'s

petition and ordered his immediate release.  ECF No. 14 at 2.  K.B. now moves for

costs and fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

ECF No. 18 ("Motion for Attorneys' Fees" or "Mot.").  For the following reasons, the

Motion for Attorneys' Fees is **GRANTED**.

## BACKGROUND

On or about August 24, 2022, K.B., a citizen of the Dominican Republic,

unlawfully entered the United States and immigration authorities detained him

near the border.  ECF No. 1-1 at 2-3; ECF No. 1-4 at 3.  Approximately two days

later, immigration authorities served K.B. with a Notice to Appear charging him as

inadmissible and released him on his own recognizance.  *See* ECF No. 11-1 at 1-2;

*see also* ECF No. 1-2 ("Rainwater Decl."), ¶ 5.  K.B. briefly lived in Miami, Florida, before moving to the Bronx, New York, where he has since resided.  Rainwater Decl., ¶ 6.

On October 23, 2025, United States Immigration and Customs Enforcement ("ICE") arrested K.B. at a dwelling in the Bronx and detained him purportedly pursuant to 8 U.S.C. § 1225(b)(2)(A).  Pet., ¶ 6; ECF No. 1-1 at 2-3; Rainwater Decl., ¶ 10.  On February 19, 2026, while detained, K.B. filed a petition for writ of habeas corpus, asserting, *inter alia*, that his detention under Section 1225(b)(2)(A) was unlawful and violative of his Due Process rights.  Pet., ¶¶ 5-7.

On February 20, 2026, the Court directed the Government to file a letter clarifying whether this case was materially distinguishable from *Mcdonald v. Francis*, No. 25-CV-09355 (JAV), 2025 WL 3295906 (S.D.N.Y. Nov. 26, 2025), and if not, whether the Government would consent to the issuance of writ subject to preservation of their arguments for appeal.  ECF No. 5.  On February 24, 2026, the Government filed a letter conceding that the instant case was not materially distinguishable from *Mcdonald*.  ECF No. 11.  The Government, however, did not consent to issuance of the writ.  *Id.*  Instead, the Government abstained from further briefing and relied on, and incorporated by reference, the legal arguments the Government had presented in *Mcdonald*.  *Id.*  That same day, Judge Failla, in her capacity as Part I Judge, granted K.B.'s petition, ordered his prompt release, directed the parties to confer regarding K.B.'s request for attorneys' fees, and set a

briefing schedule in the event the parties could not reach agreement.  ECF No. 14 at 2-3.

K.B. now moves the Court to award attorneys' fees and costs under the EAJA.  K.B. argues that reasonable attorneys' fees and costs are warranted because he is a prevailing party, the Government's position was not substantially justified, and there are no special circumstances making an award unjust.  ECF No. 19 ("Mem.") at 2-3.  The Government opposes the Motion for Attorneys' Fees.  ECF No. 22 ("Opp'n").

## DISCUSSION

### A.    Fees and Costs Award Under the Equal Access to Justice Act Is Merited

Under Section 2412, "a court shall award to a prevailing party . . . fees and other expenses" incurred in a "civil action" brought against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *see also Gomez-Beleno v. Holder*, 644 F.3d 139, 144 (2d Cir. 2011) ("[U]under the EAJA, eligibility for a fee award in any civil action requires:  (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; and (3) that no 'special circumstances make an award unjust.'" (cleaned up)).  As relevant here, "[c]ivil actions include habeas petitions 'challenging immigration detentions.'"  *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 506 (S.D.N.Y. 2025) (quoting *Vacchio v. Ashcroft*, 404 F.3d 663, 672 (2d Cir. 2005)).  "A party prevails if the court grants relief to the party based on an

3

assessment of the merits and thus unquestionably and materially alters the existing legal relationship between the parties." *Yao v. Almodovar*, 813 F. Supp. 3d 461, 478 (S.D.N.Y. 2025) (citation omitted).

"Once a party has demonstrated that it is a prevailing party under the EAJA, the burden shifts to the government to demonstrate that its litigation position was 'substantially justified.'" *Williams v. Kijakazi*, 797 F. Supp. 3d 164, 171 (E.D.N.Y. 2025) (quoting *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999)).  This requires a showing that its litigating position and the underlying agency action giving rise to that position "had a reasonable basis in both law and fact." *See Vacchio*, 404 F.3d at 674 (citation omitted); *see also Gomez-Beleno*, 644 F.3d at 145 ("The 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." (cleaned up)).  "[A] string of losses can be indicative" of the Government's litigation position lacking substantial justification. *Pierce v. Underwood*, 487 U.S. 552, 569 (1988).  Applying this standard, the Court holds that K.B. is entitled to reasonable fees and costs.

Petitioner is a "prevailing party" under the EAJA.  The Government "violated Petitioner's due process rights in exercising its discretionary authority to detain Petitioner under Section 1226(a)" and was ordered to release him from detention. ECF No. 14 at 2.  That decision "unquestionably materially altered the existing legal relationship between the parties, and thus sufficed to confer prevailing party

4

status."  *Vacchio*, 404 F.3d at 674; *accord Yao*, 813 F. Supp. 3d at 478; *Barco Mercado*, 811 F. Supp. 3d at 505-06.  The burden thus shifts to the Government.

The Government, however, has failed to "demonstrate that its litigation position was substantially justified."  *Williams*, 797 F. Supp. 3d at 171 (cleaned up). Courts across the country have recently found, either expressly or implicitly, that the Government's litigation position lacks substantial justification under the EAJA in similar circumstances.  *See, e.g., Cong v. Noem*, No. 25-CV-03730 (GPC) (DEB), 2026 WL 1075236, at *1 (S.D. Cal. Apr. 20, 2026); *Zavorin v. Wamsley*, No. 26-CV-00173 (DGE), 2026 WL 879246, at *1 (W.D. Wash. Mar. 31, 2026); *Perez v. Bondi*, No. 26-CV-205 (ECC), 2026 WL 936166, at *4 (N.D.N.Y. Apr. 7, 2026).  Additionally, "the overwhelming majority of federal judges across the Nation [who] consider[ed] [the Government's position have] conclude[d] that the [G]overnment's novel interpretation of the immigration statutes defies their plain text."  *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).  "Indeed, in this Circuit, as of mid-February 2026, the [G]overnment ha[d] prevailed in only approximately fifteen cases, while losing in approximately 145 cases."  *Id.* at 72.  Despite the recent circuit split, *compare id., and Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026), *with Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026), *and Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026), this lopsided record indicates that the Government's litigation position lacks substantial justification, *see Pierce*, 487 U.S. at 569.  That conclusion is confirmed considering that the Government's position runs contrary to

5

"the plain text of [the relevant] provisions[;] . . . the statute's context, structure, history, and purpose[;] . . . the Supreme Court's established understanding of Sections 1225 and 1226[;] . . . [and] Executive Branch practice over thirty years and across five Presidential administrations." *Barbosa da Cunha*, 175 F.4th at 69.

The Court further finds that there are no special circumstances making an award unjust.  K.B. is thus entitled to reasonable attorneys' fees and costs in accordance with the following calculations.

## B.    Calculation of Fees and Costs Award Under the Equal Access to Justice Act

Under the EAJA, attorneys' fees are capped at "$125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  "Courts in this district adjust the hourly cap of $125.00, imposed in March 1996, to its dollar equivalent at the time of the award."  *Linda R. ex rel. D.J.R. v. Dudek*, No. 24-CV-06514 (SLC), 2025 WL 1135655, at *3 (S.D.N.Y. Apr. 17, 2025) (collecting cases).  "District courts determine the cost-of-living adjustment by multiplying the basis EAJA rate by the current consumer price index ('CPI') for urban consumers, and then dividing the product by the CPI for urban consumers in the month that the cap was imposed." *Id.* (cleaned up).

Under this formula, the reasonable hourly rate for attorneys' fees is $262.35. The basic EAJA rate is $125.  28 U.S.C. § 2412(d)(2)(A).  The CPI for urban consumers in February 2026 (the month in which K.B.'s attorneys litigated this case, *see* ECF No. 19-6) was 326.785.  U.S. Bureau of Lab. Stat., *Consumer Price*

*Index—March 2026* (Apr. 10, 2026), https://perma.cc/5NPT-WN8B. The CPI for urban consumers in March 1996, the month in which the EAJA cap was imposed, was 155.7. U.S. Bureau of Lab. Stat., *Consumer Price Index: March 1996* (Apr. 12, 1996), https://perma.cc/MFU5-JML6 . Accordingly, multiplying 125 by 326.785 and then dividing the result by 155.7 yields the reasonable hourly rate of $262.35. Since K.B. seeks attorneys' fees at an hourly rate of $262.35, the Court finds this rate reasonable.

K.B. also seeks reimbursement for work performed by paralegals and law clerks at a $100 hourly rate. This rate is likewise reasonable. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008) ("[A] prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates."); *Garcia v. Comm'r of Soc. Sec.*, No. 20-CV-07201 (AEK), 2022 WL 1684280, at *2 (S.D.N.Y. May 26, 2022) (finding a $100 hourly rate reasonable for paralegals).

In total, K.B. seeks attorneys' fees and costs in the amount of $23,682.29. Mem. at 7. This total breaks down into three separate amounts: (1) $19,151.55 for 73 hours of legal work by Covington & Burling LLP ("Covington") attorneys, (2) $2,970 for 29.7 hours of legal work performed by Covington paralegals and law clerks, and (3) $1,560.74 for 5.93 hours of legal work by K.B.'s Legal Aid Society attorneys plus the $5 habeas filing fee. *See* ECF Nos. 19-3, 19-6. Yet this case did not involve an evidentiary hearing, contested motion practice or briefing, or oral

7

argument.  K.B.'s legal team thus expended over 100 hours of legal work to prepare a single habeas petition.

The hours that the Covington legal team billed are not reasonable.  "Counsel seeking fees under the EAJA 'should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" *L.R.C. v. Maldonado*, No. 25-CV-6825 (AMD), 2026 WL 946787, at *3 (E.D.N.Y. Apr. 7, 2026) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  There are numerous examples in the billing records before the Court of excessive and duplicative billing. For example, three Covington attorneys spent a total of 51.5 hours drafting, reviewing, and revising the petition over the course of four days, even though the relevant legal issues have already been exhaustively litigated in this Circuit.  *See* ECF No. 19-6.

It is difficult to reconcile K.B.'s argument that the Government's litigation position was so substantially unjustified that litigating against it merits an award of attorneys' fees and costs on the one hand, and K.B.'s simultaneous argument that the petition raised such complex and evolving issues as to warrant more than 100 hours of legal work on the other.  As another district court recently found, expending 98.25 hours in a habeas proceeding addressing this same issue was excessive and redundant given that "when counsel filed the petition, at least three hundred and fifty district courts around the country had rejected the government's interpretation." *L.R.C.*, 2026 WL 946787, at *3.

8

The Court thus finds the hours that the Covington legal team billed are excessive and reduces them by 50%. *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) ("Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded; and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." (cleaned up)); *see, e.g.*, *Guardians Ass'n of Police Dep't of New York v. City of New York*, 133 F. App'x 785, 786 (2d Cir. 2005) (summary order).

Legal Aid Society also billed 40 minutes for purely clerical tasks. ECF No. 19-3 (billing forty minutes for "[s]ervice of process, print initiating documents[,] and hand file with AUSA"). "However, it is well-settled that purely clerical tasks are not billable under a fee-shifting statute." *L.R.C.*, 2026 WL 946787, at *4 (cleaned up). Consequently, the Court reduces the time billed by Legal Aid Society attorneys by 40 minutes.

The Court finds the following hours of legal work reasonable: 36.5 hours of legal work performed by Covington attorneys, 14.85 hours of legal work performed by Covington paralegals and law clerks, and 5.27 hours of legal work performed by Legal Aid Society attorneys. Accordingly, the Court awards $12,448.36 in fees and costs to K.B., assigning $1,387.58 to the Legal Aid Society and $11,060.78 to Covington.

## CONCLUSION

Accordingly, the Motion for Attorneys' Fees is **GRANTED**.  The Clerk of

Court is directed to terminate ECF No. 18.

SO ORDERED.

Dated:  June 1, 2026
      New York, New York                 JEANNETTE A. VARGAS
                                    United States District Judge

10